# In the United States Court of Federal Claims

No. 25-1652C
(Filed: February 18, 2026)
**NOT FOR PUBLICATION**

```
**************************************
ALLY DZELILOVIC-DAVIS,              *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
**************************************
```

## OPINION AND ORDER

Plaintiff Ally Dzelilovic-Davis, proceeding *pro se*, raises claims relating to her former employment at various federal contractors. *See* Compl. (ECF 1). The government's motion to dismiss for lack of jurisdiction is fully briefed. *See* Mot. (ECF 7); Resp. (ECF 14); Reply (ECF 15); *see also* RCFC 12(b)(1). The motion to dismiss is **GRANTED**. The complaint is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Plaintiff's main claim appears to be that she experienced violations of labor and workplace environment laws while employed by federal contractors. Assuming that those allegations are true, this Court can only hear claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing the predecessor to this Court). Plaintiff provides no reason why her former employers' allegedly illegal employment practices should be attributed to the United States.

She also objects to events in a bankruptcy proceeding and in mortgage foreclosure. *See* Compl. (ECF 1). This Court cannot review the decisions of state courts or a bankruptcy court. *Blodgett v. United States*, 146 Fed. Cl. 104, 108 (2018); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Nor, again, can this Court hear Plaintiff's claims against her mortgage lender. *See Thompson v. United States*, 99 Fed. Cl. 21, 25–26 (2011) (dismissing claims against private mortgage lender for lack of subject matter jurisdiction).

Most of Plaintiff's claims, moreover, are based on laws that do not support jurisdiction in this Court. *Taylor v. United States*, 310 F. App'x 390, 393 (Fed. Cir. 2009) (Title VII employment discrimination); *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (Americans with Disabilities Act); *Bowling v. United States*, 93 Fed. Cl. 551, 558 (2010) (Occupational Safety and Health Act); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Ali-Bey v. United States*, 169 Fed. Cl. 729, 734 (2024) (Thirteenth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment).

This Court does have jurisdiction over certain federal employee backpay claims, but Plaintiff does not allege that she was a federal employee. This Court also has jurisdiction over Fifth Amendment claims seeking just compensation for taken property. But the property she mentions — her house — was allegedly foreclosed by her mortgage lender after proceedings in state court. *See* Compl. (ECF 1). She does not allege that it was taken by the government within the meaning of the Fifth Amendment, and this Court, again, cannot review state-court decisions. *See Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016).

## CONCLUSION

The motion to dismiss (ECF 7) is **GRANTED**. The case is **DISMISSED**.
The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
